## CARPENTER *v.* DEXTER.

1. A justice of the peace was not authorized by the laws of Illinois, in 1818, to take the acknowledgment or proof, without the State, of deeds of land situated within the State; but this want of authority was remedied by a statute passed on the 22d of February, 1847.

2. In aid of the certificate of acknowledgment, or proof of a deed, reference may be had to the instrument itself, or to any part of it.

   Thus, where a law of Illinois, in force in 1847, provided that no officer should take the acknowledgment of any person, unless such person should be personally known to him to be the real person who executed the deed, and in whose name such acknowledgment was proposed to be made, or should be proved to be such by a credible witness, and that such personal knowledge or proof should be stated in the certificate; and the certificate of the officer following immediately after the attestation clause of the deed, stated that the "above-named grantor, who has signed, sealed, and delivered the above instrument of writing, personally appeared" before the officer, and acknowledged the same to be his free act and deed, but omitted to state that the person making the acknowledgment was personally known to the officer to be the person who executed the deed; *Held*, that the omission was supplied by reference to the attestation clause, which declared that the instrument was "signed, sealed, and delivered," in presence of the subscribing witnesses, of whom the officer taking the acknowledgment was one.

3. It will be presumed, that a commissioner of deeds, in New York, whose authority to act is limited only to his county, exercised his office within the territorial limits for which he was appointed, although the only venue given to his certificate of acknowledgment be "State of New York." If such were not the presumption, the defect in this particular *held* to be supplied in this case by reference to the deed and the previous certificate of acknowledgment by the same person; in the first of which the grantor designated the county in which he had affixed his hand and seal to the instrument, and in the second of which the county is given in its venue.

4. When a deed showed that one Wooster was a subscribing witness with the officer, and the certificate of proof given by the officer stated that "Wooster, one of the subscribing witnesses," to the officer known, came before him, and being sworn, said, that he saw the grantor execute and acknowledge the deed; *Held*, that there was a substantial compliance with the statute, requiring the officer to certify that he knew the affiant to be a subscribing witness.

5. Unless the statute of a State requires evidence of official character to accompany the official act which it authorizes, none is necessary. And where one State recognizes acts done in pursuance of the laws of another State, its courts will take judicial cognizance of those laws, so far as it

may be necessary to determine the validity of the acts alleged to be in conformity with them.

Thus, where a statute of Illinois provided that deeds of land within the State, which had been, or might thereafter, be executed without the State and within the United States, and which had been, or might be acknowledged or proved, in conformity with the laws of the State where executed, were admissible to record in the counties of Illinois, in which the property was situated; and a deed executed in New York was acknowledged before a judge of a court of record of that State—an officer authorized by the laws of New York to take the acknowledgment and proof of deeds; and the certificate of this judge was not accompanied by any evidence of his official character, or that his certificate was in conformity with the laws of that State; *Held*, that no such certificate of conformity was necessary for the reasons given above.

ERROR to the Circuit Court for the Northern District of Illinois.

The action was ejectment to recover the possession of certain real property, situated in the county of Bureau, in the State of Illinois. Both parties claimed title from the same source,—a patent of the United States, issued to William T. Davenport, in May, 1818. The points in dispute arose upon the deraignment of title from the patentee.

The plaintiff produced in evidence the patent; a deed from the patentee to one Hawley, dated in September, 1818; a deed from Hawley to Thaddeus Munson, dated in December, 1818; and a deed from Munson to William James, dated in February, 1819; all of which embraced the demanded premises. The deeds were inscribed upon the record, in the proper register's office, in May, 1819. Those from Davenport to Hawley, and from Hawley to Munson, contained this indorsement (*un*signed by the recorder) of the fact:

"RECORDER'S OFFICE,
EDWARDSVILLE, May 17th, 1819.

"I certify the within deeds, together with the certificates of acknowledgment, are this day recorded and examined in my office, in Book V, p. 353 and 354."*

William James died in 1832, leaving several heirs-at-law. The premises in controversy were allotted in severalty to

---

* See *infra*, p. 520.

John B. James, by a decree of one of the Circuit Courts of the State, in a suit for partition between him and his co-heirs.   John B. James died in 1844, leaving a will, by which he devised the premises to the plaintiff.   The record of partition, and the record of the will and of its probate were produced in evidence.

The defendants, also relying upon the patent of the United States to Davenport, introduced in evidence a conveyance of the premises, from the patentee, to one De Witt, bearing date in August, 1818, and a conveyance from the heirs of De Witt to himself, bearing date in July, 1861.   The first of these deeds was recorded in December, 1861, and the other was recorded in February, 1862.

Beginning with the plaintiff's case.   The deed from Davenport to Hawley concluded with the following attestation clause:

" In witness of all the foregoing, I have hereunto fixed my hand and seal, *at Albany, in the county of Albany, and State of New York*, this first day of September, one thousand eight hundred and eighteen.

" WM. T. DAVENPORT, [L. S.]

"Signed, sealed, and delivered
     in the presence of
         " WM. D. WOOSTER,
           H. WENDELL, JR."

The certificate of acknowledgment following immediately after the above clause, was thus:

" STATE OF NEW YORK,
         COUNTY OF ALBANY, *ss.*

" Be it remembered, that on the first day of September, 1818, the above-named William T. Davenport, who has signed, sealed, and delivered the above instrument of writing, *personally appeared* before me, the undersigned justice of the peace, and acknowledged, in due form of law, the same to be his free act and deed, for the purposes therein set forth, and also gave his consent, that the same should be recorded wherever it might be deemed necessary.   In witness of all of which, the said justice

has hereunto affixed his hand and seal, and undersigned the
same.

"H. WENDELL, JR., [L. S.]

Justice of the Peace."

[The reader will note that the magistrate who takes the
acknowledgment was a subscribing witness to the execution,
but that nothing is said as to the grantor's being known to
him, as the real party who signed the deed.]

A certificate of the official character of Wendell as a jus-
tice of the peace, at the time he took the above acknowledg-
ment, from a clerk of a court of record of New York, accom-
panied the above certificate.

In addition to the record of *acknowledgment* there was upon
this deed from Davenport a certificate (by the same magis-
trate who took the acknowledgment) of the proof of execu-
tion by the person who with him had attested the execution
as a subscribing witness. That certificate ran thus, no par-
ticular city or town being given as the place where it was
made:

"STATE OF NEW YORK:

"On this second day of September, 1818, before me came Wil-
liam D. Wooster, one of the subscribing witnesses to the within
indenture, to me known, who being sworn, saith, that he saw the
within-named grantor, William T. Davenport, duly execute and
acknowledge the within indenture, and that he knows him to be
the same person named and described in, and who acknowledged
duly to have executed the same as his free act and deed. I allow
the same to be recorded.

"H. WENDELL, JR.,

Commissioner, &c., &c."

[The magistrate taking this probate, it will be observed,
signs himself Commissioner, &c. By the statute of New
York in force on the 2d of September, 1818, commissioners
of deeds were authorized to take the acknowledgment and
proof of deeds* for the county where they resided.]

---

* Act of March 24th, 1818.

A certificate of the official character of Wendell as a commissioner of deeds, and of his authority to take the proof of deeds at the time when the above-mentioned proof was taken, accompanied the certificate just mentioned.

So far as respected the deed from Davenport.

The commencement of the deed from Munson to James, was as follows:

"This indenture, made the thirteenth day of February, in the year of our Lord one thousand eight hundred and nineteen, between Thaddeus Munson, *of the city and county of Albany, and State of New York,* of the first part, and William James, of the *city, county, and State aforesaid,* of the second part, witnesseth, &c."

The certificate of acknowledgment to this was with the same general form of place of making as was the last deed.

"STATE OF NEW YORK, *ss.*

"Be it remembered, that on this thirteenth day of February, in the year of our Lord one thousand eight hundred and nineteen, came before me the above-named Thaddeus Munson, to me well known, and acknowledged to have signed, sealed and delivered the above deed for the uses and purposes therein expressed. All which I certify according to law, and allow the same to be recorded.

"ESTES HOWE,
Judge, Albany Common Pleas, Counsellor, &c.,
ex-officio performing the duties of a Judge
of the Supreme Court at chambers, &c."

This certificate was unaccompanied by any evidence of the official character of this judge, or that his certificate was in conformity with the laws of New York.

To the introduction of the several deeds produced by the plaintiff, objection was made on the ground that they had not been duly proved. No specification was made of the particulars in which the proof failed.

How far certain objections made on the argument here, and which may perhaps be assumed to have been the true ground of objections below, were well founded, depended upon certain statutes of Illinois now to be mentioned.

A statute of 1845,* which enacts that all deeds and other instruments, relating to or affecting the title to real property, shall be recorded in the county where the same was enacted, in regard to the acknowledgment, &c. (prior acts as to acknowledgments not having required a certificate of personal knowledge, &c.), as follows:

" No judge or other officer shall take the acknowledgment to any deed unless the person offering to made such acknowledgment shall be personally known to him to be the real person who executed the deed, and in whose name such acknowledgment is proposed to be made, or shall be proved to be by a credible witness; and the judge or officer taking such acknowledgment shall in his certificate thereof, state that such person was personally known to him to be the person whose name is subscribed to such deed, as having executed the same, or that he was proved to be such by a credible witness."

The statute further provided that the fact of such personal knowledge or proof should be stated in the certificate.

At the time of this act, justices of the peace could not take acknowledgments.

An act of February 27th, 1847, provided, however, that all deeds of land lying within the State might be acknowledged or proved before any commissioner of deeds and " before any justice of the peace," but it enacted that:

" If such justice of the peace reside out of this State, there shall be added to the deed a certificate of the proper clerk, setting forth that the person, before whom the proof or acknowledgment was made, was a justice of the peace at the time of making the same;"—

And then declared that:

" All deeds and conveyances *which have been,* or may be, acknowledged or proved in the manner prescribed by this section, shall be entitled to record, and be-deemed as good and valid in law, in every respect, as if the same had been acknowledged or proved in the manner prescribed," by a previous law.

---

* Revised Laws, Chapter 24.

The same act provided further:

"That deeds of lands situated within the State, which have been or may hereafter be executed *without* this State and within the United States, and which have been, or may hereafter be acknowledged or proved, in conformity with the laws of the state, territory, or district, *in which they were executed*, shall be admitted to record in the county wherein the lands are situated; and such deeds, &c., acknowledged or proved as aforesaid, when so recorded, may be used as evidence, without further proof of the execution thereof."

It was agreed between the parties that the statutes of New York and of Ohio were to be considered as evidence.

The court admitted the deeds notwithstanding the forms of acknowledgment and proof.

When the record of partition in the suit between James and his coheirs was produced, objection was made by the defendant, on the alleged ground that it did not show jurisdiction of the persons and subject-matter, but the objection was overruled, and exception was taken. No particulars in which the record failed to show jurisdiction were stated with the objection. The record itself showed, however, that some of the heirs were minors and that the guardian *ad litem* for these having filed his answer, and set up no opposition to the prayer of the bill, the bill had been taken *pro confesso*.

The court instructed the jury that if the heirs of William James, living at the time the proceedings for partition were commenced, were made parties to that suit, then whatever title William James had, at his death, passed, by the operation of the decree, in that case, to John B. James, and the court left the question, whether his heirs were made parties to the partition proceedings, to the jury, to be determined from the evidence.

To that part of the instructions of the court which left it to the jury to say under what circumstances the decree in partition was to vest title in John B. James, the defendant excepted.

Another question perhaps involved, or at least one which

was discussed here, was whether, admitting the deed from Davenport to Hawley to have been in fact inscribed in the official record-books in the recorder's office, they were, with such acknowledgment and proof as they had, to be considered as being recorded in law, so as to give constructive notice to purchasers. And this matter depended in part on certain provisions of the already quoted act of 1845, thus:

" All deeds, &c., which are required to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title-papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record.

" Deeds, &c., shall be deemed, from the time of being filed for record, notice to subsequent purchasers and creditors, though not acknowledged or proven according to law."

The blank certificate* (not signed) on the back of the deeds by Davenport to Hawley, and from Hawley to Munson, was read on the trial of the case, without any objection thereto as evidence of the said recording; and no objection was made that the said blank certificate was not signed by the clerk or recorder, and no exception was taken to the instruction of the court, that the said deeds were recorded May 17th, 1819.

On this part of the matter the court instructed the jury that the deed from Davenport to Hawley was recorded in the proper office, under the laws of Illinois, before the deed from Davenport to De Witt, and if Hawley was a purchaser for a valuable consideration, without notice of the unrecorded deed from Davenport to De Witt, then Hawley, and those claiming under him, acquired a good title as against De Witt, and those claiming under him. The court was of the opinion, from the circumstances proven in this case, that the law would presume that the deed to Hawley was made upon and for a valuable consideration. The court left

---

* See *supra*, p. 514.

the question to the jury to decide whether Hawley had such notice, and they were to determine whether there was notice or not from the evidence.

To that part of the instructions which left it to the jury to say whether or not Hawley was a *bonâ fide* purchaser, without notice of any other deed from Davenport, the defendant excepted.

The jury rendered a verdict for the plaintiff, and judgment in his favor was entered thereon.

*Mr. A. Garrison, for the plaintiff in error:*

I. The deed of Davenport to Hawley of September 1st, 1818, was not proved.

(1.) The acknowledgment before a justice of the peace at that time, is no proof of execution. The laws of Illinois did not then allow justices of the peace out of the State to take acknowledgments of deeds to be recorded in this State.*

(2.) The acknowledgment is in form defective because it does not state that the grantor was personally known to the officer, which was required by the laws of New York and Illinois then in force, and is an indispensable condition.†

(3.) The certificate of proof by one of the subscribing witnesses is defective.‡

(*a.*) It has no assignable locality; the venue being simply " State of New York, *ss.*" The case of *Vance* v. *Schuyler*,§ is in point. The Supreme Court of Illinois there held an acknowledgment null, because it had no other mention of place than Lincoln v. Wiscasset.

(*b.*) It does not state that the affiant Wooster was known to the officer to be a subscribing witness, nor was there any proof of that fact.‖

---

* Purple's Real Estate Statutes, p. 459, 462.

† 1 Revised Statutes of New York (1828), 758, §§ 9, 12; Montag *v.* Linn, 19 Illinois, 399; Tully *v.* Davis, 30 Illinois, 103; Wiley *v.* Bean, 1 Gilman, 303.

‡ 2 Rev. Statutes of New York (1828), p. 282, § 12.

§ 1 Gilman, 160.

‖ Scates's Comp. of the Laws of Illinois, 964; Montag *v.* Linn, 19 Illinois, 399, 401; Tully *v.* Davis, 30 Id. 103; Job *v.* Tebbetts, 4 Gilman, 143.

(c.) It does not state that the affiant declared that he became a subscribing witness at the request of the grantor, or signed the deed at the time of its execution.*

II. The deed from Hawley to Munson, dated December 12th, 1818, is not proved, because,

(a.) To the certificate there is no assignable locality. " State of New York, ss." is not sufficient.†

Commissioners of deeds in New York had no jurisdiction to take acknowledgments beyond the county in which they resided.‡

Nor does this certificate identify the person described in the deed, as the same person who executed the same must be certified or proved.§

(b.) The laws of Illinois, at that time, did not authorize commissioners to take acknowledgments of deeds to be recorded in this State.‖

III. The deed from Munson to William James, of February 13th, 1819, is not proved, because—

(a.) The certificate of acknowledgment has no assignable locality. " State of New York, ss." is not sufficient. Estes Howe could not act out of the county of Albany.¶

(b.) Nor was he authorized to take acknowledgments by the laws of Illinois.

(c.) There is no certificate that the acknowledgment was made before a proper officer, or that his certificate was in conformity to the laws of New York.

IV. There is no evidence that the deeds from Davenport to Hawley, and from Hawley to Munson, were ever recorded. The certificate of the recorder, indorsed on the deeds, but not signed by him, is not evidence.

The foregoing defects in the title of the defendant in error

---

* 2 Scates's Comp. 964; Hollenback v. Fleming, 6 Hill, 306.

† 2 Rev. Statutes of New York (1828), p. 282, §§ 38, 40; Montag v. Linn, 19 Illinois, 399; Vance v. Schuyler, 1 Gilman, 160.

‡ Adams v. Bishop, 19 Illinois, 395.

§ Lyon v. Kain, 36 Illinois, 369.

‖ Purple's Real Estate Statutes, 462.

¶ 1 Rev. Statutes of New York, 756, § 4 (ed. 1828).

are palpable and fatal; and even had the title been proved, it was defeated by the title of De Witt, through which the plaintiff in error claims, first in date and first of record. Accordingly, the court erred, in stating to the jury that the deeds from Davenport to Hawley, and Hawley to Munson, were recorded May 17th, 1819, and before the deed to De Witt. The court should have left it to the jury to say, which deeds were recorded first; and if they found that the De Witt title was first recorded, they should have been instructed to find for the defendant below.

V. The defendant in error sought to connect himself with the title of William James, by showing a decree of the Circuit Court of Pike County, Illinois, for the partition of certain lands; by the terms of which, this land was allotted to John B. James, of whom defendant in error is the devisee.

The court allowed this decree to go to the jury, against the objection of the plaintiff in error to the jurisdiction of the court.

1. The Circuit Court of Pike County, Illinois, had no jurisdiction to make the decree of partition as against the infant heirs of William James, *without full proof*. Against infants, nothing can be taken *pro confesso*. No proof was made, and this goes to the jurisdiction.\*

2. A decree of partition of the Pike County Circuit Court (and this was such) without the execution of deeds in pursuance thereof, and recorded where the land lies, could not affect lands beyond the county, nor does it change the legal title in the county, and should have been rejected as evidence.†

It is decided in *Chickering* v. *Failes*,‡ " that whilst this is a proceeding in equity, a good and sufficient partition, which

---

\* Chafflin v. Heirs of Kimball, 23 Illinois, 36, 38; Enos v. Capps, 12 Id. 255; Chafflin v. Heirs of Kimball, 23 Id. 37; McClay v. Norris, 4 Gillman, 370; Hough v. Doyle, 8 Blackford, 300.

† Aldridge v. Giles, 3 Henning & Mumford, 136; Chickering v. Failes, 29 Illinois, 304.

‡ 29 Illinois, 304.

a court of equity will recognize and enforce between the parties to the bill, it is not such a partition as vested in the parties a legal title to the shares assigned to each of them, for want of mutual releases;" and the court say:

"It is a settled doctrine of the court, that to vest the title in the parties to the shares allotted to each, they must execute releases for the portions not assigned to them."

There were no deeds of this kind proved, or introduced in evidence.

*Mr. Goudy, contra.*

Mr. Justice FIELD delivered the opinion of the court.

To the introduction of the several deeds produced by the plaintiff, objection was taken that they were not duly proved, but in what particulars the proof failed, the objection does not specify, and it is only by the brief of counsel that we are informed.

General objections of this character are too vague to serve any useful purpose, and under them particular defects in evidence, or in proceedings, cannot be urged upon our notice, if their consideration, for want of specification, be opposed by the adverse party. Here, however, no such opposition is made, and we will, therefore, proceed to the consideration of the points raised in the brief of counsel.

The deed from Davenport to Hawley was executed in New York, and was acknowledged on the day of its date, before a justice of the peace of that State. The certificate of acknowledgment states, that the person who "signed, sealed, and delivered" the instrument, "personally appeared" before the justice, but does not, in terms, state that he was personally known to that officer. The justice himself was one of the subscribing witnesses.

There is also attached to the deed, a certificate of the proof of its execution by the other subscribing witness. This certificate is signed by the same person who took the acknowledgment, but not in his capacity as justice of the peace, but

as commissioner of deeds. The certificate does not state that the commissioner knew that the affiant was one of the subscribing witnesses, nor does the affiant declare that he became such witness at the request of the grantor.

The objections taken in the brief of counsel to the proof of the deed bearing these certificates are, in substance, as follows:

1st. That the justice of the peace had no authority, at the time, to take the acknowledgment;

2d. That the certificate of acknowledgment is defective in not stating that the grantor was personally known to the officer; and

3d. That the certificate of proof by one of the subscribing witnesses is defective in not having any assignable locality, and in not stating that the affiant was known to the officer to be a subscribing witness, or that the affiant declared that he became such at the request of the grantor.

It is true, that at the time the acknowledgment was taken, in 1818, a justice of the peace was not authorized by the laws of Illinois to take the acknowledgment or proof of deeds without the State. The only officers thus authorized were "mayors, chief magistrates, or officers of the cities, towns, or places," where the deeds were executed.* But this want of authority of the justice of the peace was remedied by a statute passed on the 22d of February, 1847. The first section of that statute provides that all deeds and conveyances of land lying within the State may be acknowledged or proved before certain officers named, and among others before any commissioner of deeds and " before any justice of the peace," but enacts that " if such justice of the peace reside out of this State, there shall be added to the deed a certificate of the proper clerk, setting forth that the person, before whom such proof or acknowledgment was made, was a justice of the peace at the time of making the same ;" and then declares that " all deeds and conveyances *which have been*, or may be, acknowledged or proved

---

* Purple's Real Estate Statutes, 462.

in the manner prescribed by this section, shall be entitled to record, and be deemed as good and valid in law, in every respect, as if the same had been acknowledged or proved in the manner prescribed" by a previous law providing for the acknowledgment and proof of conveyances before certain officers both within and without the State.*

The law of Illinois in force in 1818 did not require the officer taking the acknowledgment of a deed to certify, from his personal knowledge, to the identity of the party making the acknowledgment with the grantor. It did not require the acknowledgment to be certified in any particular form, except in case of a married woman. A certificate, without declaring such identity, or even personal knowledge of the parties making the acknowledgment, was held by the Supreme Court of that State to be as full and exact as was contemplated by the law of 1819, a law which was identical in terms, so far as it relates to the point under consideration, with the law in force in 1818, except that the word "Territory" was changed to that of "State."†

But, it may be said that the object of the act of 1847 was simply to give authority to additional officers to take the acknowledgment and proof of deeds, and to cure their defect of authority in cases where they had previously acted, and not to remedy defects in certificates already given by them; and that, therefore, the statute can only avail where the certificate conformed to the requirements of the law then in force. If this be the correct interpretation of the statute, we answer that the certificate to the deed in question did, in substance, conform, when read in connection with the deed itself, to the requirements of that law. In aid of the certificate reference may be had to the instrument itself, or to any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections.

The law of Illinois in force in 1847, upon the manner of

---

* Laws of 1847, 37.　　　　† Ayres *v.* McConnel, 2 Scamon, 308.

taking acknowledgments, provides that no officer shall take the acknowledgment of any person, unless such person "shall be personally known to him to be the real person who [executed the deed], and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness," and such personal knowledge, or proof, shall be stated in the certificate.*

Looking, now, to the deed itself, we find that the attestation clause states that it was "signed, sealed, and delivered" in the presence of the subscribing witnesses. One of these witnesses was the justice of the peace before whom the acknowledgment was taken; and he states in his certificate following immediately after the attestation clause, that the "above-named William T. Davenport, who has signed, sealed, and delivered the above instrument of writing, personally appeared" before him and acknowledged the same to be his free act and deed. Read thus with the deed the certificate amounts to this: that the grantor personally appeared before the officer, and in his presence signed, sealed, and delivered the instrument, and then acknowledged the same before him. An affirmation, in the words of the statute, could not more clearly express the identity of the grantor with the party making the acknowledgment.

But if we lay aside this acknowledgment as evidence, there remains the certificate of proof made on the 2d of September, the day following the execution of the instrument, before a commissioner of deeds in the State of New York. At that time commissioners of deeds were authorized by a law of New York to take the acknowledgment and proof of deeds;† and by the third section of the statute of Illinois of 1847, deeds previously, or which might be subsequently, executed without the State and within the United States, acknowledged or proved in conformity with the law of the State where executed, are admissible to record in the counties of Illinois in which the property is situated, and

---

* Revised Statutes of Illinois of 1845, chap. 24, § 20.

† Act passed March 24th, 1818.

"when so recorded," may be used as evidence without further proof of their execution. The terms, "when so recorded," apply, we think, equally to past records as to those which might be subsequently made.

Now, the certificate of proof produced in this case shows a substantial conformity with the law of New York of 1813 on the subject, which was in force when the certificate was made.* The venue to it is simply "State of New York," and it is objected that the certificate has no assignable locality, and is, therefore, fatally defective. In support of this position the case of *Vance* v. *Schuyler*† is cited. In that case the Supreme Court of Illinois held a certificate insufficient to authorize the admission of a deed without proof of its execution, because the only means of determining where it was acknowledged was the venue, "Lincoln v. Wiscassett." This is a different case from the one at bar. The words, "State of New York," present some definite locality, at least, while there can be none to the words "Lincoln v. Wiscasset." The commissioner of deeds, in New York, had authority to act only in his county; and it will be presumed, although the State be named, that the officer exercised his office within the territorial limits for which he was appointed.‡ But if such were not the presumption, the defect in this particular is supplied by reference to the deed and the previous certificate of acknowledgment by the same person. In the attestation clause of the deed the grantor declares that he has affixed his hand and seal to the instrument, "at Albany, in the county of Albany, and State of New York;" and the venue of the certificate of acknowledgment taken on the previous day, is "State of New York, county of Albany."

As already stated, courts will uphold a certificate, if possible, and for that purpose will resort to the instrument to which it is attached. Thus, in *Brooks* v. *Chaplin*,§ the cer-

---

* "An act concerning deeds," passed April 12th, 1813.

† 1 Gilman, 163.

‡ Thurman v. Cameron, 24 Wendell, 87.　　　§ 3 Vermont, 281.

tificate of acknowledgment did not show in what State the acknowledgment was taken, and the omission was supplied by reference to the deed, in which the grantor described himself as a "resident of Suffield, in the county of Hartford, and State of Connecticut." The acknowledgment was taken two days after the date of the deed, having as its venue simply "Hartford County"—and the court said that it was a fair presumption, in the absence of evidence to the contrary, that the deed was executed at the time it bore date and at the place of the grantor's residence, and that, finding the acknowledgment taken so soon afterwards in the county of Hartford, it could intend no other than the same county of Hartford where the deed was supposed to have been executed. "It is not indispensable," said the court, "that the place of taking should fully appear from the acknowledgment itself, provided it can be discovered with sufficient certainty by inspection of the whole instrument." There is good sense in this decision, and it answers the particular objection of counsel just stated, and the further objection that the certificate does not state that the officer knew that the party produced was a subscribing witness. The deed shows that Wooster was a subscribing witness with the officer, and the certificate states that "Wooster, one of the subscribing witnesses," to the officer known, came before him, and being sworn, said that he saw the grantor execute and acknowledge the indenture. When the officer, being a subscribing witness himself with Wooster, certifies that "Wooster, one of the subscribing witnesses," came before him and was known to him, he does, in fact, certify that he knew Wooster to be a subscribing witness as plainly as if he had added those words. There is here a compliance, in substance if not in form, with the statute, and that is all which is required. In *Luffborough* v. *Parker*,* the certificate of proof stated that A. B. appeared before the officer, and made oath that he saw the grantor sign, seal, execute, and deliver the deed, without stating that A. B. was a sub-

---

* 12 Sergeant & Rawle, 48.

scribing witness; but as it appeared upon the deed that A. B. was a subscribing witness, the court held the certificate sufficient. The statute of Pennsylvania, under which the certificate was given, required the proof of deeds to be made by one or more of the subscribing witnesses. " The act," said the court, " must be substantially complied with; but when substance is found, it is neither the duty nor the inclination of the court to defeat conveyances by severe criticism on language."

The remaining objection to the certificate, that it does not appear from it, that the subscribing witness became such, at the request of the grantor, or signed his name, at the time the deed was executed, is answered by the fact that the statute of New York, under which the certificate was made, did not require any statement to that effect. Besides, the fact that the witness was present at the execution, which is all that is necessary, does sufficiently appear from the deed, with which the certificate is to be read. In the one, the declaration is made that the instrument was signed in his presence, and, in the other, that he saw the grantor execute the deed.

After a careful consideration of the several objections, presented by counsel, we are satisfied, that the certificate of the commissioner was sufficient, under the act of New York of 1813, to entitle the deed to be admitted to record in that State, had the land been there situated, and to be read in evidence in her courts, without further proof of execution; and was entitled to like record in the State of Illinois, and to be received in evidence in like manner, in her courts, under the third section of the statute of 1847.

The several objections urged by counsel to the other two deeds produced by the plaintiff are, with one exception, sufficiently met by what has already been said in answer to those taken to the deed from Davenport. The certificate of acknowledgment to the deed, from Munson to James, is given by the "judge of the Albany Common Pleas," an officer authorized at the time to take the acknowledgment

and proof of deeds by the laws of New York; and the objection referred to, not already met, is, that the certificate of this judge is not accompanied by any evidence of his official character, or that his certificate was in conformity with the laws of that State.

The answer to this objection is brief and conclusive. Unless the statute requires evidence of official character to accompany the official act which it authorizes, none is necessary. And, where one State recognizes acts done in pursuance of the laws of another State, its courts will take judicial cognizance of those laws, so far as it may be necessary to determine the validity of the acts alleged to be in conformity with them. In this case, also, the laws of New York are, by stipulation of parties, considered as evidence.*

When the record of partition in the suit between James and his coheirs was produced, objection was made by the defendant, on the alleged ground, that it did not show jurisdiction of the persons and subject-matter, but wherein it failed to show such jurisdiction, the objection does not indicate, and it is no part of our duty to act as counsel for the party, and search for particulars to give point to his objection. As it now stands, it is as vague and pointless as would be a general objection to either party's right of recovery. If the proof against the infant heirs was not as full as a due regard for their rights should have exacted, it will be time for us to consider that matter, when they, or parties representing them, are before the court. It is not a matter which defeated the jurisdiction of the local tribunal in the partition, and it is not a matter of any concern to the defendant, who was a stranger to, and in no way interested in, the proceeding.†

There was no necessity for mutual releases between the parties, in order to clothe John B. James in severalty with the entire ownership of the premises in controversy. The suit for partition was under the statute of Illinois, which dispensed with the necessity of mutual releases, and authorized

---

* Vance *v.* Schuyler, 1 Gilman, 160; Secrist v. Green, 3 Wallace, 749.

† Fridley *v.* Murphy, 25 Illinois, 146; Goudy *v.* Hall, 36 Id. 318.

the court to invest, by its decree, the several parties with the title to the parcels respectively allotted to them, without requiring conveyances.* And the decree rendered in the case declared, that the land allotted should be held by the parties respectively, in fee simple, in lieu of all their respective rights and interests previously enjoyed in common in the entire tract.

The law of Illinois, relating to the record of deeds, and other instruments affecting the title to real property, differs materially from the law of nearly every other State in the Union. In most States, these instruments can only be recorded after they have been acknowledged or proved before certain designated officers, and the certificate of such acknowledgment or proof is attached. An inscription upon the books of record of an instrument, without such authentication, is considered a mere unofficial entry of the register, constituting no record, and imparting no notice to purchasers or creditors.†

But, in Illinois, the law requires all " deeds and other instruments, relating to, or affecting the title to, real property," with or without such authentication, to be recorded; provides that they shall not take effect, as to creditors and subsequent purchasers without notice, until they are filed for record; and enacts, that "they shall be deemed, from the time of being filed for record, notice to subsequent purchasers and creditors, *though not acknowledged or proven according to law;* but the same shall not be read as evidence, unless their execution be proved in manner required by the rules of evidence applicable to such writings, so as to supply the defects of such acknowledgment or proof."‡

Upon this state of the law, after the proof of the deeds

---

*\* Street *v.* McConnell, 16 Id. 126.

† Carter *v.* Champion, 8 Connecticut, 555; DeWitt *v.* Moulton, 17 Maine, 418; Tillman *v.* Cowand, 12 Smedes & Marshall, 262; Mitchell *v.* Mitchell, 3 Stewart & Porter, 83; Kerns *v.* Swope, 2 Watts, 75; Miller's Lessee *v.* Holt, 1 Tennessee, 111.

‡ Revised Laws of 1845, p. 108, 109, §§ 22, 23, and 28. See also Reed *v.* Kemp, 16 Illinois, 445.

of the parties, and of their record, and the production of the record of partition, and of the probated will of John B. James, there could only be two matters of inquiry: one respecting the identity of the heirs of William James, deceased, with the parties to the partition suit; and the other, whether there was notice to Hawley, at the time he received his conveyance, of the unrecorded deed from Davenport to De Witt. These matters were left to the jury to determine, and rightly so left.

No question was raised in the court below upon the sufficiency of the evidence, that the deeds produced by the plaintiff were recorded, at the time indicated by the indorsement thereon, in May, 1819; nor was any exception taken to the instruction of the court, that the deed from Davenport to Hawley was recorded in the proper office, before the deed from Davenport to De Witt; nor was any question raised, or ruling asked, upon the will produced of William James, and, therefore, no point is presented thereon for our consideration.

We perceive no substantial error in the record, and the judgment of the court below must, therefore, be

AFFIRMED.