James Cleland et al. v. John G. Long et al—Syllabus.

JAMES CLELAND ET AL., PLAINTIFFS IN ERROR, VS. JOHN G. LONG ET AL., DEFENDANTS IN ERROR.

34 353
35 600

34 353
55 649

1. Under the act of November 15th, 1828, acknowledgment or proof of the execution of a deed before the officer authorized by law to record the same, or before some judicial officer of the Territory, was required before the deed could be duly recorded.

2. Under the act of November 22d, 1828, clerks of county courts were authorized to record deeds, mortgages, wills and other instruments required by law to be recorded.

3. Where the certificate of acknowledgment, or proof of the execution of a deed, refers to the instrument itself in such manner as to connect the two, they may be considered together in determining the sufficiency of the proof of execution.

4. The attestation clause of a deed recited that the deed was signed, sealed and delivered in the presence of two persons named, and one of them made oath before the county judge that the grantors in the deed, in the presence of the witnesses named, signed and sealed the instrument as and for their act and deed, and for the uses and purposes therein expressed : *Held*, The proof sufficient to admit the deed to record as being duly recorded.

5. A liberal construction obtains in favor of sustaining the proof of the execution of deeds and other instruments required to be acknowledged or proven for record.

Writ of error to the Circuit Court for St. Johns county.

The facts of the case are stated in the opinion of the court.

*H. H. Buckman* and *W. W. Dewhurst,* for Plaintiffs in Error.

*Cooper & Cooper,* for Defendants in Error.

23

MABRY, J. :

The plaintiffs in error were plaintiffs in the Circuit Court in an action of ejectment instituted in September, 1890, against defendants in error to recover possession of certain described lots of land situated in the city of St. Augustine. The judgment was in favor of defendants.

The plaintiffs introduced evidence tending to show that they were the heirs at law of John C. Cleland, deceased, and then offered to introduce certified copies of two deeds of warranty to the lots sued for, one bearing date the 18th day of July, 1838, executed by Joseph Noda and his wife, Agueda Vialonga, as grantors, to Peter Sken Smith, as grantee; and the other dated the 9th day of September, 1839, executed by Smith and wife to plaintiffs' ancestor, John C. Cleland, accompanied with proof tending to show that the original deeds were not within the custody or control of plaintiffs. Objection was made to the introduction of the certified copies of the deeds on the grounds that the proof of the deeds by subscribing witnesses was not sufficient to entitle them to record, said proof not showing that the deeds had been delivered, as well as signed and sealed, in the presence of the subscribing witnesses, and that said proof of execution purports to have been made before the clerk of the county court. The objection was sustained, and the certified copies of the deeds excluded. The record evidence of the deeds is substantially the same, and the consideration of the right to introduce a certified copy of the one will determine the right to introduce the other. The deed from Noda and wife to Smith has the usual conclusion—in testimony whereof the grantors, naming them, thereunto set their hands and seals on a day and

year mentioned, and the attestation clause reads as follows, *viz:* "Signed, sealed and delivered in presence of Pedro Manucy, Petronilo R. Lopez." The wife made a separate relinquishment of dower under her hand and seal, and therein recited that she joined in the deed and executed the same for the purpose therein expressed. The separate relinquishment of dower was acknowledged before the judge of the county court for St. Johns county. The proof of the execution of the deed by the husband, Joseph Noda, is contained in the following affidavit made before the clerk of the county court for said county, *viz:* "On the 23rd day of July, A. D. 1838, Petronilo R. Lopez, a subscribing witness to the foregoing indenture, came before me, the undersigned clerk of the county court for the county of St. Johns, and made oath that Joseph Noda and his wife Agueda, in his presence, and in the presence of Pedro Manucy, signed and sealed the said indenture as and for their act and deed, for the uses and purposes therein expressed, whereupon I have recorded ths same. Witness my name and the date above written. Bernardo Segui, Clk. C. C."

The contention here in support of the ruling of the court excluding the certified copy of the deed as evidence is, that there was no proof of the delivery or execution of the deed by the grantor, Joseph Noda, and that proof of signing and sealing is not sufficient to admit the deed to record. The deed was executed in this State, and under the act of November 15th, 1828, the provision of which in reference to admitting deeds to record reads as follows, *viz:* "In order to procure the recording of any such conveyance, transfer or mortgage, the execution thereof, by the party making the same, shall be acknowledged by such party, or shall be proved upon oath by at least one of the

subscribing witnesses thereto, before the officer author-
ized by law to record the same, or before some judicial
officer of this Territory.'' Sec. 4, acts of 1828, page
157. The Constitution of 1885 provides that ''A certi-
fied copy of the record of any deed or mortgage that
has been or shall be duly recorded according to law
shall be admitted as *prima facie* evidence thereof and
of its due execution with like effect as the original
duly recorded; provided it be made to appear that the
original is not within the custody or control of the
party offering such copy.'' Art. XVI, sec 21. The
provision of the statute referred to clearly demanded
proof of the execution of the deed before it could be
duly recorded, and delivery is essential to the due ex-
ecution of the instrument. In Edwards vs. Thom. 25
Fla., 222, 5 South. Rep., 707, where the proof of the
execution of a mortgage relied on to admit it to record
was the affidavit of a subscribing witness, to the effect
that affiant saw the grantors named in the mortgage
sign the same and acknowledge that they did so for the
purpose therein expressed, and that affiant and the
other subscribing witness signed the same as witnesses,
it was held that the proof was not sufficient to admit
the instrument to record as being duly recorded, as
against a subsequent *bona fide* mortgagee without
notice. Upon the authority of this case it is contended
that the certified copy of the deed under consideration
was properly excluded. We do not doubt the correct-
ness of the conclusion in the Edwards case, but do not
see that its application to the facts of the case now
before us will have the effect to exclude the certified
copy of the deed offered in evidence. There was noth-
ing in the body of the instrument or its attestation
clause as to delivery in the Edwards case to aid the
affidavit of the subscribing witness, and the affidavit

itself afforded proof of nothing but the signing of the mortgage, that it was done for the purpose therein expressed and two persons signed it as witnesses. In the instrument before us the attestation clause states that the deed was signed, sealed and delivered in the presence of two persons, and one of them makes oath to the effect that the grantors, in the presence of the witnesses named, signed and sealed the instrument as and for their act and deed, and for the uses and purposes therein expressed. Where the certificate of acknowledgment, or proof of the execution of a deed, refers to the instrument itself in such manner as to connect the two, they may both be considered together in determining the sufficiency of the proof of execution. It was held in Summer vs. Mitchell, 29 Fla., 179, 10 South. Rep., 562, opinion by Chief-Justice Raney, that it is the established policy of the law to uphold certificates of acknowledgments of deeds, and whenever substance is found, obvious clerical errors and all technical omissions will be disregarded. Inartificialness in their execution will not be permitted to defeat them, if looking at them as a whole, either alone or in connection with the deed, we find that they reasonably and fairly indicate a compliance with the law. Clerical errors will not be permitted to defeat acknowledgments, when they, considered either alone or in connection with the instrument acknowledged, and viewed in the light of the statute controlling them, fairly show a substantial compliance with the statute. The authorities bearing on the point were fully reviewed in the case just referred to, and a liberal construction in favor of sustaining deeds and other instruments required to be acknowledged or proven for record found to be fully sustained, the maxim *ut res magis valeat, quam pereat*, being the guiding

358 SUPREME COURT.

James Cleland et al v. John G. Long et al.—Opinion of Court.

principle of the courts in such matters. It must not be lost sight of, however, in applying the liberal rules obtaining in such matters that the statute demands proof of the execution of the deed before it can be duly recorded, and the execution, as we have already stated, includes delivery. Construing the affidavit of the subscribing witness in connection with the deed and its attestation clause, as we should do in obedience to the principles of construction favoring the upholding of such instruments, our judgment is that the proof of the execution of the deed was sufficient to admit it to record as being duly recorded. The attestation clause of the deed is that it was signed, sealed and delivered in the presence of Pedro Manucy and Petronilo R. Lopez, and the latter makes oath that in their presence the grantors, naming them, signed and sealed the said indenture as and for their act and deed, and for the uses and purposes therein expressed. Proof that a grantor acknowledged an instrument to be his act and deed would be tantamount to proof that he signed, sealed and delivered it, for it could not be his deed without embracing the several specified requisites of signing, sealing and delivering. Den vs. Hamilton, 12 N. J. L., 109; Parsons vs. Boyd, 20 Ala., 112; Einsteins Sons vs. Shouse, 24 Fla., 490. The affidavit does not state that the grantors acknowledged the instrument to be their act and deed, but it does state, in effect, that they signed and sealed it in the presence of the subscribing witnesses as and for their act and deed, for the uses and purposes therein expressed. The purpose of the deed, as expressed in it, is to convey the land described from the grantors to the grantee. That the persons named in the affidavit in whose presence the instrument was signed and sealed as and for the act and deed of the grantors were the subscribing

witnesses thereto, is manifest (Carpenter vs. Dexter, 8 Wall., 513; Luffborough vs. Parker, 12 Serg. & R., 48); and the attestation clause of the deed signed by the said witnesses states not only a signing and seal- ing, but also a delivery. It could not be the deed of the grantors unless delivered, and when it is shown that they appeared before two witnesses and declared in the act of signing and sealing the instrument that it was done as and for their deed, and for the purposes therein contained, sufficient showing is made, in our judgment, of the execution of the deed to admit it to record, especially so when taken in connection with the attestation clause of the deed that it was signed, sealed and delivered in the presence of the subscribing witnesses. The effect of the showing of the affidavit alone is that the grantors signed and sealed the instru- ment as and for a deed for the purpose of accomplish- ing the object therein expressed, which was a con- veyance of the property from the grantors to the grantee.

The other objection made to the introduction of the certified copies of the deeds, that the proofs thereof purport to have been made before the clerk of the county court of St. Johns county, is not urged here. The act of 1828, *supra*, provided that proof of the ex- ecution of a deed could be made before the officer authorized by law to record the same, and by an act passed the same year provision was made for appoint- ing clerks of the county courts, and declaring that said courts should be offices of original record for deeds, mortgages, wills and other instruments required by law to be recorded in their respective counties. Secs. 12, 17, act of November 22nd, 1828. The deeds referred to having been duly recorded, certified copies thereof were admissible under the constitutional provision

mentioned on the showing made that the originals were not in the custody or control of the plaintiffs, and the result is that the court erred in its ruling excluding such copies on the grounds of objection made.

For the errors pointed out the judgment will have to be reversed and a new trial awarded.

In view of our decision as to the admissibility of the certified copies of the deeds, the other questions presented by plaintiffs in error need not be considered, and the action of the Circuit Court on another trial can be controlled by the case as then presented.

The judgment of the court below is reversed, and the cause is remanded with directions that a new trial be awarded.