DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

SEAN J. ENGELIN,

Appellant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Appellee.

No. 2D2024-0640
_____

August 6, 2025

Appeal from the Circuit Court for Pasco County; Kimberly Sharpe Byrd, Judge.

Ian R. Leavengood and Philip M. Piazza of LeavenLaw, St. Petersburg; and Charles M. Schropp of Schropp Law Firm, P.A., Tampa, for Appellant.

Yesica S. Liposky and Robert E. Sickles of Dinsmore & Shohl LLP, Tampa, for Appellee.


SILBERMAN, Judge.

Sean J. Engelin appeals a final order denying his motion for attorney's fees and costs after Portfolio Recovery Associates, LLC, dismissed its account stated cause of action against him. When Portfolio dismissed its action, Mr. Engelin moved for prevailing party attorney's fees and costs under the attorney's fee provision in his credit card

agreement and section 57.105(7), Florida Statutes (2016). Although the trial court awarded Mr. Engelin his costs, it denied his request for attorney's fees after finding that Virginia law applied pursuant to the choice-of-law provision in the credit card agreement. We conclude that Portfolio waived its ability to rely on the choice-of-law provision and that the trial court should have awarded Mr. Engelin his attorney's fees pursuant to section 57.105(7).

## I. BACKGROUND

Portfolio initiated this case by filing an account stated cause of action against Mr. Engelin. It sought to collect a balance due on a credit card account previously issued by Capital One, Portfolio's predecessor in interest. Mr. Engelin responded with an answer, affirmative defenses, and a counterclaim. In his answer and affirmative defenses, Mr. Engelin asserted that, should he prevail, he would be entitled to attorney's fees pursuant to the attorney's fee provision in the Capital One Customer Agreement and section 57.105(7).

The attorney's fee provision in the agreement informs the borrower that if the borrower is in default, the lender may "file a lawsuit against you, or pursue another action that is not prohibited by law. If we file a lawsuit, you agree to pay our court costs, expenses and attorney fees, unless the law does not allow us to collect these amounts." Section 57.105(7) makes this contractual fee provision reciprocal:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Portfolio responded to Mr. Engelin's answer, defenses, and claim for attorney's fees by filing a Motion to Strike, or in the Alternative, Motion for Partial Summary Judgment, on Defendant's Claim for Entitlement to

2

Prevailing Party Attorney's Fees Pursuant to [section 57.105(7)]. Portfolio argued that because its complaint alleged a cause of action for account stated and was not based on the parties' agreement, section 57.105(7) did not apply. Importantly, Portfolio did not claim that the agreement had a choice-of-law provision or that Virginia law, rather than Florida law, applied.

With court approval, Mr. Engelin then filed an amended answer, affirmative defenses, and counterclaim, again asserting his entitlement to an award of attorney's fees. Portfolio filed an answer and affirmative defenses stating as follows: "To the extent Engelin is entitled to any damages and/or attorney's fees (which [Portfolio] denies), said award must be set off or reduced by the amount of money Engelin owes to [Portfolio]." Again, Portfolio did not assert that Virginia law applied under a choice-of-law provision. Later, Portfolio voluntarily dismissed its action. After the conclusion of proceedings on Mr. Engelin's counterclaim, the trial court entered a final judgment as to the counterclaim.

Mr. Engelin then moved for prevailing party attorney's fees and costs under the attorney's fee provision in the parties' agreement and section 57.105(7). Portfolio filed a response to the fee motion, arguing for the first time that the choice-of-law provision in the agreement required the court to apply Virginia law, which does not have a reciprocal fee statute similar to section 57.105(7). The choice-of-law provision in the contract provides:

> **The Law That Applies to Your Agreement**
> We make decisions to grant credit and issue you a Card from our offices in Virginia. This Agreement is governed by applicable federal law and by Virginia law. If any part of this Agreement is unenforceable, the remaining parts will remain in effect.

In the order on appeal, the trial court agreed with Portfolio and denied Mr. Engelin's request for attorney's fees. We reverse because Portfolio waived any right to rely on the agreement's choice-of-law provision by failing to raise it in its complaint or when it responded to Mr. Engelin's claim for fees contained in his answer and affirmative defenses or his amended answer and affirmative defenses.

## II. ANALYSIS

This court generally reviews an order denying a motion for attorney's fees for abuse of discretion, but where the trial court's order "is based on a conclusion of law concerning the interpretation of a statute or contractual provision," this court uses a de novo standard of review. *Country Place Cmty. Ass'n v. J.P. Morgan Mortg. Acquisition Corp.*, 51 So. 3d 1176, 1179 (Fla. 2d DCA 2010). A trial court's choice-of-law determination is also reviewed de novo. *Am. Fam. Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *McNamara v. McNamara*, 40 So. 3d 78, 80 (Fla. 5th DCA 2010)).

When a party seeks to rely on a choice-of-law provision in a contract, it generally must raise the claim in a pleading. In *Mills v. Barker*, 664 So. 2d 1054, 1058 (Fla. 2d DCA 1995), this court addressed the issue and held that "[w]here, as in this case, the law of a foreign forum is claimed to be dispositional, but is not pleaded to the trial court, the matter is to be determined by the law of this state and a presumption arises that the foreign law is the same as ours." *See also Owens-Corning Fiberglas Corp. v. Engler*, 704 So. 2d 594, 594 (Fla. 4th DCA 1997) ("Where the law of a foreign forum is claimed to be dispositional, yet no foreign law is pleaded to the trial court, the matter is to be determined by the law of this forum." (quoting *Aetna Cas. & Sur. Co. v. Ciarrochi*, 573 So. 2d 990, 990 (Fla. 3d DCA 1991))).

4

Further, "a party waives its opportunity to rely on non-forum law where it fails to timely provide—typically in its complaint or the first motion or response when choice-of-law matters—the sources of non-forum law on which it seeks to rely." *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1208 (11th Cir. 2018). In *Sun Life*, the court found that the contract's choice-of-law provision was waived:

> Despite the silence of its pleading as to non-forum law, Sun Life contends that it sufficiently raised the issue to the district court by referring to a choice-of-law analysis in opposition to Imperial's dispositive motions. It relies on the fact that it told the district court a choice-of-law analysis was "premature" at the motion to dismiss stage in relation to its declaratory judgment claim . . . and that it raised the issue again in opposition to Imperial's summary judgment motion, asserting that it was Imperial's burden to "come forward with the authority" necessary for the application of out-of-state law . . . .

> We disagree that Sun Life's general references to a choice-of-law analysis in opposition to Imperial's dispositive motions sufficiently raised the issue with the district court. Sun Life is the party now seeking the application of non-forum law, yet it repeatedly abdicated its responsibility to proffer the information necessary for the choice-of-law analysis to take place. This is not in accord with the steps we require to raise non-forum law before a district court. *See Stone* [*v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)]; *Bethell* [*v. Peace*, 441 F.2d 495, 497 (5th Cir. 1971)]. We also disagree with Sun Life that it was "premature" for the district court to have conducted a choice-of-law analysis at the motion to dismiss stage. *Cf.* [*Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007)] (conducting choice-of-law analysis at the 12(b)(6) stage). The responsibility for any failure by the district court to apply non-forum law rests squarely with Sun Life and not the district court.

*Id.* at 1209.

The First District addressed a similar situation in *Florida First Financial Services, LLC v. Randolph*, 350 So. 3d 820, 822 (Fla. 1st DCA 2022), where Florida First filed a complaint to enforce an installment sales contract for the purchase of an automobile and to collect the remaining balance due. Like the present case, the contract contained a choice-of-law provision and an attorney's fee provision. *Id.* After the trial court granted summary judgment in favor of Randolph, he moved for attorney's fees under section 57.105(7). *Id.* Florida First argued that the contract's Alabama choice-of-law provision applied to the attorney's fee issue and that "[b]ecause Alabama does not have a reciprocal attorney's fees statute like section 57.105(7)," Randolph was not entitled to attorney's fees under the contract. *Id.* at 822-23. The trial court awarded fees to Randolph based on its finding that Florida First waived its right to assert "the applicability of the choice-of-law provision by failing to invoke the foreign law prior to the final judgment." *Id.* at 823.

The First District noted that "[i]n most contexts, a party must plead or prove foreign law applies before a trial court may consider its applicability." *Id.* However, the court held that

> the concerns underpinning the pleading requirement are not present where a contract includes a choice-of-law provision. To the extent that it needed to plead and prove the application of foreign law, Florida First's attachment of the contract containing the choice-of-law provision to the complaint at the outset of the lawsuit was sufficient.

*Id.* at 823-24.

The First District further noted that if the law of the forum state and foreign law could both apply, a party need not argue foreign law until it becomes dispositional because "unless the law of the foreign state is specifically pleaded, Florida courts will presume that the foreign law is the same as Florida law." *Id.* at 824.

6

*Florida First* is distinguishable from the present case because in *Florida First*, "the contract formed the basis for the lawsuit and was attached to the complaint." *Id.* In the present case, Portfolio did not attach the contract to the complaint and the contract did not form the basis for the lawsuit.

We are mindful that Mr. Engelin referred to the contract in his original and amended answer, defenses, and counterclaim, and he attached a copy of a credit card agreement containing the choice-of-law provision to his amended pleading. But in those pleadings, he specifically relied on Florida law and federal law as the basis for his claims and defenses, not Virginia law, and he solely cited Florida law in support of his claim for fees.

Portfolio did not argue that Virginia law applied when it responded to Mr. Engelin's pleadings in a fourteen-page Motion to Strike, or in the Alternative, Motion for Partial Summary Judgment, on Defendant's Claim for Entitlement to Prevailing Party Attorney's Fees. In fact, it did not mention Virginia law or the choice-of-law provision. Instead, Portfolio specifically relied on Florida law in its response and in its answer and affirmative defenses to Mr. Engelin's counterclaim. Portfolio failed to plead or prove that Virginia law applied when it had opportunities to do so well before the case was dismissed and when it was clear that Mr. Engelin was relying on Florida law as dispositive concerning fees. Thus, we conclude that Portfolio waived its opportunity to rely on Virginia law.

As the prevailing party, Mr. Engelin was entitled to an award of his attorney's fees pursuant to section 57.105(7) and the fee provision in the credit card agreement. *See Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 943, 947-48 (Fla. 2020) (recognizing that in a lawsuit for account stated that arises from an underlying credit card agreement containing a

unilateral attorney's fee provision in favor of the creditor, the prevailing defendant is entitled to recover attorney's fees under section 57.105(7)). We therefore reverse the order denying Mr. Engelin's motion for attorney's fees and remand for the trial court to award him fees in an amount to be determined by the court.

Reversed; remanded with directions.

KELLY and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.