E. B. LEATHERMAN, Clerk of the Circuit Court in and for Dade County, Florida, and Ex-Officio Recorder, *Plaintiff in Error,* v. R. J. SCHWAB, *Defendant in Error.*

Division B.

Opinion filed November 13, 1929.

*Bart A. Riley,* for Plaintiff in Error;

*Lilburn R. Railey,* for Defendant in Error.

BUFORD, J.—Schwab filed his petition in the Circuit Court of Dade County praying a writ of mandamus to issue directing George F. Holly, Clerk of the Circuit Court and Ex-Officio Recorder of Dade County, Florida, to expunge from the record a certain written instrument which was recorded in Deed Book 476, page 291, which said instrument signed by Schwab and one Wille appeared to be an exclusive listing for the sale of certain real estate owned by Schwab. The instrument was not under seal and was not acknowledged by either Schwab or Wille.

Alternative writ issued. There was a motion to quash. The motion to quash was denied. Holly resigned as clerk and Leatherman became Clerk of the Circuit Court and Ex-Officio Recorder. Motion was made to substitute Leatherman for Holly and order of substitution entered. Peremptory writ of mandamus was issued against Leatherman and thereupon writ of error was sued out.

The instrument sought to be expunged from the record was clearly not entitled to record and it was clearly the duty of the Clerk of the Circuit Court to refuse to place such instrument on record.

The placing of the instrument on record did not vest in Wille any rights whatever that did not accrue to him under the terms of the instrument without record. The recording of the instrument gave Wille no rights or advantages which he did not have by holding the contract without record and, therefore, Wille has no interest in the question of whether or not the matter remains a matter of record.

Council for the plaintiff in error contends that the defendant in error has a certain adequate and speedy remedy other than mandamus and that, therefore, mandamus will not lie to cancel the record here complained of. But, counsel has not pointed out what that remedy is. We are cognizant of the rule that writ of mandamus does not supersede legal remedy but rather supplies the want of a legal remedy; therefore, two prerequisites are required to appear to warrant a court in granting the writ of mandamus which is recognized as an extra-ordinary remedy; first, it must appear that the relator has a clear legal right to the performance of the particular duty of the respondent; and, second, that the law affords no other adequate or specific remedy to secure the performance of the duty which is sought to be coerced by the writ. Myers v. State ex rel. Thompson, 81 Fla. 32, 87 So. R. 80, and cases there cited. It is also held that mandamus is not the proper method of trying collateral questions which require a legal controversy for their settlement. Myers v. State ex rel. Thompson, *supra;* Cawthon v. State ex rel. Adams, 62 Fla. 133, 56 So. R. 404. In this case, however, there is no legal controversy to be settled. The case here presented is that the Clerk of the Circuit Court, as Ex-Officio Recorder, has recorded a contract between two parties which was not entitled to record and the recording of which would only have the effect of hindering and embarrassing the owner of the property described in the contract in and about the sale of such property after the other party to that contract had forfeited all his rights under such contract.

Title to the property is not affected by the record of the instrument here sought to be expunged and, therefore, a suit to remove cloud from title will not lie, but the rights of the petitioner are affected by the improper record of

this instrument, because, as it is alleged in the petition, the petitioner has sold and conveyed the land by warranty deed and has taken a mortgage thereon for a large portion of the unpaid purchase price and the grantee of the petitioner demands that the record be cleared of this contract. It is a matter of common knowledge, of which this Court will take judicial cognizance, that such contracts, being of record and being shown in abstracts, hinder and delay and may obstruct the sale of property and, therefore, the petitioner has a legal right to have the same expunged from the record. The petition shows that demand has been made by the petitioner on the clerk to expunge the instrument from the record and that the clerk has refused to perform this duty. As stated hereinbefore, it was the duty of the clerk to refuse to record the instrument, the recording of which is the basis of this suit, because the same shows clearly upon its face that it is not entitled to record, but the clerk having unlawfully recorded the instrument it became his duty to expunge or erase the same from the record. State ex rel. Board of Commissioners v. Baker, 146 La. 413, 83 So. R. 693; State v. Hallam, 150 La. 922, 91 So. R. 298; State v. Dunn, 148 La. 460, 87 So. R. 236; Peo v. Miller, 6 N. Y. State, 749.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.