STATE, *ex rel* W. H. TUNNICLIFFE, as Liquidator, State Bank of Orlando & Trust Company, v. B. M. ROBINSON (now C. M. Gay), as Clerk Circuit Court, *et al.*

157 So. 178.
Division B.
Opinion Filed October 25, 1934.

*Maguire & Voorhis,* for Plaintiff in Error;

*George P. Garrett,* for Defendants in Error.

BUFORD, J.—State Bank of Orlando & Trust Company held a mortgage on certain property. The mortgage became in arrears and was foreclosed by the Liquidator who had taken charge of the bank under the laws of this State.

The sale of the mortgaged property was confirmed on December 18, 1931. The sale occurred on December 7, 1931.

On October 1, 1931, a tax deed was issued to William J. and Ruth W. Foster conveying the mortgaged property pursuant to a certificate issued to the State of Florida and assigned to the Fosters for the unpaid taxes for the year 1928, which certificate was issued August 5, 1929.

On January 11, 1932, the Liquidator of State Bank of Orlando & Trust Company applied to the Clerk of the Circuit Court of Orange County to redeem the tax certificate

which was issued pursuant to sale in 1929 for the non-payment of taxes assessed for the year 1928 and offered to pay all taxes, penalties and costs which had accrued thereon and demanded that the tax sale certificate be cancelled or that the State Bank of Orlando & Trust Company be allowed to redeem the certificate on payment of the taxes, penalties and costs through its Liquidator, the bank being then holder of the title acquired under foreclosure sale. The Clerk of the Circuit Court declined to comply with this request. Thereupon this suit was instituted by way of mandamus to coerce the Clerk to allow bank to redeem the certificate.

We deem it unnecessary to discuss the infirmities which it is alleged existed and were apparent in connection with the issuance of the tax deed and by reason of which it is alleged that such deed is void and of no effect.

The record shows that the deed was valid on its face and, therefore, the only question for us to determine is whether or not it was the duty of the clerk to adjudicate the validity of the proceedings which led up to the issuance of the tax deed in accordance with the contentions of the relator. Unless it is made to appear that such duty devolved upon the Clerk of the Circuit Court, then mandamus will not lie to compel the performance of the alleged duty. It is well settled that for mandamus to be available it must appear amongst other things as a prerequisite to the issuance of the writ that the relator has a clear legal right to the performance by the respondent of the particular duty in question. State v. Gray, 92 Fla. 1123, 111 Sou. 242; State v. Florida East Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants' Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 So. 459; State v. Greer, 88 Fla. 249, 102 So. 739; 37 A. L. R. 1298; Welch v. State,

85 Fla. 264, 95 So. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs., 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

We can not say that when a tax deed has been issued which is valid on its face that it is the duty of the Clerk of the Circuit Court upon application for redemption of the certificate upon which such tax deed issued to determine the legality of the procedure which was behind the issuance of the deed and if in his opinion such procedure did not so comply with the law as to result in the issuance of a valid tax deed that it then becomes his duty to allow the alleged owner to redeem the certificate upon which the tax deed issued and thereby destroy what is upon its face a valid muniment of title in the hands of a third party.

Without determining any of the questions presented as to whether the tax deed which was issued was valid or invalid, because we think that those questions are not proper to be determined in a mandamus proceeding, we affirm the judgment which quashed the alternative writ of mandamus, without prejudice to the relator therein to institute other proceedings which he may be advised are proper in the premises.

So ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.