**ANTHONY CARLIN CO v. BURROWS BROS CO (2 cases)**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 15296 & 15341. Decided July 3, 1936

Henderson, Quail, McGraw & Barkley, Cleveland, for plaintiff.

Duncan, Leckie, McCreary, Schultz & Hinslea, Cleveland, for defendant.

## OPINION

By LIEGHLEY, PJ.

The parties will be referred to in the order they had in the Common Pleas Court.

The case was before the Common Pleas Court and before this court on an amended petition in two causes of action. In one cause a judgment for rent was sought. In the other cause of action the prayer was for reformation and correction of an alleged defectively executed lease. The trial court heard the evidence on the equity cause of action and rendered judgment for defendant and thereupon rendered judgment on the other cause of action for defendant.

It seems to be conceded that an action for rent cannot be maintained upon a defectively executed lease, nor can an action for damages for breach of such a lease be sustained. The trial court having held the lease defective and the plaintiff not entitled to equitable relief, entered judgment on both causes of action for defendant.

Plaintiff and defendant are corporations. On January 7th, 1922, plaintiff as lessor and defendant as lessee, executed a five year lease upon a part of the Hotel Euclid Building on Huron Road at a rental ranging from Seven Thousand to Nine Thousand Dollars per annum. This lease is said to have been defectively executed in the form of acknowledgment.

Immediately prior to July 1st, 1925, at the solicitation of defendant and upon representations made by defendant that the location was unprofitable, plaintiff and defendant entered into a second five year lease by the terms of which there was some adjustment downward of annual rentals.

It is claimed that this lease was defective in that there was only one witness to the signature of lessor and one witness to the signature of lessee.

In June 1928 upon the same representations made by defendant and at its solicitation a third five year lease was executed by these parties with a reduction in rentals. This lease it is claimed was also defectively executed in its form of acknowledgment.

In February 1931 for the same purpose and upon the same representations and at the solicitation of defendant a fourth five year lease was executed by the parties with substantial reduction in prescribed rentals. This is the lease that is in litigation or upon which the litigation is predicated. It is claimed that this lease is defective in that the signatures of the officers of plaintiff were not witnessed and defective in its form of acknowledgment in that the officers individually and not as officers of the corporation acknowledged the execution of the lease.

The defendant entered into possession of these premises in 1922 under the original lease. It paid its rentals and otherwise performed as by the terms of the lease it agreed to perform. It remained in continuous possession up to and beyond the time of the execution of the fourth lease. It remained and continued in possession under the fourth lease and therefore duly entered into possession at that time thereunder and continued in actual possession until July 1932, at which time it vacated and sublet the demised premises.

In November 1933 defendant consulted counsel and was advised that the lease of 1931 was defectively executed and that the tenancy of defendant was one from year to year. Defendant elected to terminate and abandon the property on January 31, 1934 at the end of its yearly tenancy and prior thereto gave notice to the sub-tenant to vacate on said date.

Upon notice to plaintiff that the lease was claimed to be defectively executed and that it would vacate the premises at the end of the yearly tenancy plaintiff proceeded to duly execute the lease in conformity with the statute and tendered same to defendant and acceptance thereof was refused.

Plaintiff thereupon brought suit in the form above stated in one cause of action to reform and correct the lease to conform to the intention of the parties and in the other cause of action to recover the rentals stipulated in the lease. Relief was denied

upon both causes of action. As stated, the right to recover rentals was dependent upon a decree reforming the lease.

The various negotiations and dealings had between plaintiff and defendant which eventuated into execution of the three prior leases are of little moment in this litigation over their rights and liabilities under the fourth lease, except to ascertain what was the true intention of the parties at all times and to ascertain in whose favor and with whom the equities lie. It is not disputed that the parties to the lease at all times intended to execute a lease for five years. It is not disputed that both parties on each occasion intended to execute a binding valid lease. Each lease executed to take the place of a prior lease before the expiration of the prior lease resulted in substantial reduction in rentals in favor of defendant. Neither party had any other thought in February 1931 than the execution of a binding valid lease at the reduced rentals therein provided. The defendant had the benefit and received the benefit of the reduced rentals for about two years of the 1928 lease by plaintiff consenting to execute the 1931 lease. Both parties performed the terms and conditions of all four leases as by the terms and conditions of each they agreed to perform. Both parties acted and lived with an understanding and under the belief that they were occupying the relation of lessor and lessee under a binding valid lease. It was not until the defendant conceived the desire for reasons of its own to terminate said lease and approached counsel that either of them knew that the tenancy of defendant was supported by a defectively executed lease only.

The defendant now seeks to take advantage of their mutual mistake after receiving the benefits conferred by plaintiff by disputing any further obligation under the paper writing thought by both to be a valid lease. It is our unanimous opinion that the equities are all with the plaintiff.

First, as to the acknowledgment: The President, Anthony Carlin, and Secretary Clarence J. Carlin, of the plaintiff, The Anthony Carlin Company, executed said lease as did the President and Secretary of the defendant The Burrows Brothers Company. In the acknowledgment these four officers individually and not as officers "acknowledged that they did sign the foregoing instrument and that the same is their free act and deed."

It is claimed that such an acknowledgment is defective and fails to comply with the statute. It seems to us that the ac-

knowledgment should be read and construed in conjunction with the contents of the entire instrument. The instrument discloses that it is the lease of the corporation signed by the officers of the corporation leasing property of the corpration to the defendant. How can it be said that these officers acknowledged the instrument in any other capacity than as officers of the corporation. No one would contend that these officers of plaintiff could be personally held under this instrument. Under no circumstances could it be claimed that they or any one connected with the transaction intended any individual obligation.

There is abundant and respectable authority to uphold the sufficiency of this acknowledgment in the authorities cited by counsel for plaintiff.

29 American Law Reporter Annotated, pages 996, et seq.

As to the defect of want of witnesses to the signatures of the officers of plaintiff company, undoubtedly the omission results in a defectively executed lease. The same facts may be repeated in regard to this contention in respect to the intention and the understanding of the parties at the time as has been said about the acknowledgment.

The period of the tenancy, the intention of the parties, the performance by the lessor and lessee over a period of years of all the terms of the lease that each agreed to perform, what was said and done by each and all at the time the fourth lease was signed, compel the conclusion that the omission of the witnesses and any other technical and formal defects appearing on the lease were merely omissions by reason of the inadvertence of the parties directly engaged in executing the lease. It is overwhelmingly established that the lease as executed in February 1931, does not express in form the intention that the parties then had. Both intended to execute a valid binding lease for five years upon the terms in the paper writing expressed.

If §§12210 and 12211 GC serve any useful purpose in the statute books of Ohio, that purpose must be to serve to correct and reform this instrument under the peculiar, specific and conclusively established facts of this case.

Of course the plaintiff cannot prevail in his action for rent on the lease as executed. It is settled that the plaintiff cannot maintain an action for damages. The plaintiff can only prevail upon procuring some re-

lief from a court of equity under the statutes above cited. This relief being granted, plaintiff is then and thereupon entitled to a trial on his cause of action for rentals.

It is the unanimous opinion of the members of this court that the plaintiff is entitled to the relief prayed for, ██ and entitled to a decree under the convincing facts of this case and under these sections of the statutes correcting and reforming said lease to express the clear intention of the parties and the contract then made in accordance with the only understanding that they had, and that was a validly executed lease for a period of five years.

Counsel for defendant cite the case of **Wineburgh v Toledo Corp., 125 Oh St 219,** in which the Supreme Court holds such a lease defectively executed. That case was an action to recover damages for breach of contract. Recovery was denied. An earlier case well known to counsel holds that an action to recover rentals cannot be maintained. With all of which we are bound to agree.

However in this same Wineburgh case we call attention to the paragraph near the close of the opinion:

"Whether reformation or other equitable remedy is available to the landlord under this or similar circumstances, it is not necessary to decide in this action, for that question is not here presented."

The entry in case No. 15296 will be and is: Decree for plaintiff, O.S.J. Exceptions.

The entry in case No. 15341 will be and is: Judgment reversed for error of law. Exceptions. Cause remanded.

LEVINE and TERRELL, JJ, concur in the judgment.