W. O. LASSITER v. CURTISS-BRIGHT COMPANY.

177 So. 201.
Division A.
Opinion Filed October 28, 1937.

*John J. Lindsey,* for Appellant.

*William A. Lane,* for Appellee.

BUFORD, J.—The appeal in this case is from a decree in the following language:

"THIS CAUSE coming on to be heard this day upon the bill of complaint of the plaintiff, Curtiss-Bright Company, and the answer of the defendant, W. O. Lassiter, in a proceeding brought under the authorities of Sections 4953 and 4954 of Compiled General Laws of Florida, 1927, and it appearing to the court that an actual and *bona fide* controversy exists between the plaintiff, Curtiss-Bright Company, and the defendant, W. O. Lassiter, and that the instrument expunged was recorded in a book designated 'Miscellaneous Book' kept by the Clerk of the Circuit Court of Dade County, Florida, and the court having heard argument of counsel, and being otherwise advised in the premises;

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED that the agreement for deed between the plaintiff, Curtiss-Bright Company, and Edith L. Fountain, heretofore appearing of record in Miscellaneous Book 47, at page 266, in the office of the clerk of the Circuit Court of Dade County, Florida, being an unacknowledged instrument, was properly expunged from the records of the clerk of said court, and that upon the expungement thereof the title to the following described land, to-wit: Lot 11, Block 101, Country Club Estates, Section 2, a subdivision according to the plat thereof recorded in Plat Book 10, page 79, of the Public Records of Dade County, Florida, became and now is a good and merchantable title for all purposes as fully and completely as though said unacknowledged agreement for deed had never existed.

"DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this the 3rd day of March, A. D. 1937."

The decree was pursuant to a bill of complaint wherein it was sought to have the decree of the court declaring the rights of parties under the conditions shown to exist, which were as follows:

On the 8th day of January, 1925, Curtiss-Bright Company, a Florida corporation, entered into a contract with Edith L. Fountain wherein Curtiss-Bright Company agreed under certain terms and conditions to convey to Edith L. Fountain certain lands in Dade County, Florida, and Edith L. Fountain agreed to carry out certain obligations on her part contained in said contract and to make certain payments for the lands described and to receive a good and sufficient deed conveying same from Curtiss-Bright Company to Edith L. Fountain.

The agreement was under seal but was not acknowledged and not entitled to record. However, it was recorded in a book in the office of the Clerk of the Circuit Court called "Miscellaneous Records."

On the first day of December, 1936, Curtiss-Bright Company entered into a contract to sell certain lands described in the contract with Edith L. Fountain to the defendant Lassiter, the appellant here.

A condition of the latter contract was that Curtiss-Bright Company should deliver to the proposed vendee abstract of title showing good and merchantable title in Curtiss-Bright Company. When the abstract was delivered it showed the record of the unacknowledged agreement between Curtiss-Bright Company and Edith L. Fountain and thereupon the attorney to whom the abstract was submitted for approval of title on behalf of the vendee, having observed the entry above referred to in the abstract, went to the record referred to and there found the record of what appeared to be a good, valid and binding contract between Curtiss-

Bright Company to sell and convey the identical land to another party, Edith L. Fountain, and that on account of such record he reported that contract between Curtiss-Bright Company and Edith L. Fountain, without a showing of cancellation, as a cloud on the title. Thereupon, Curtiss-Bright Company applied to the Clerk of the Circuit Court to expunge the record of the contract so referred to from the record and the Clerk, on authority of the opinion and judgment of this Court in the case of Leatherman v. Schwab, 98 Fla. 885, 124 Sou. 459, expunged the record of that contract from the record in the manner which was required in the case of Leatherman v. Schwab, *supra,* but the attorney for the vendee contended that having knowledge, by having read a purported certified copy of that agreement between Curtiss-Bright Company and Edith L. Fountain that he and his client through him had actual knowledge of the existence of such a contract and that the expunging of that contract from the record did not affect any of the rights which Edith L. Fountain may have acquired under the terms of the contract. Pursuant to this condition, this suit was filed to procure a declaratory judgment as to the effect of the record and expungement of that contract, but Edith L. Fountain was not made a party to the suit. Therefore, her rights, if she has any, are not affected by the decree, and insofar as the Chancellor attempted to decree "and that upon the expungement thereof the title to the following described land, to-wit: Lot 11, Block 101, Country Club Estates, Section 2, a subdivision according to the plat thereof recorded in Plat Book 10, page 19, of the Public Records of Dade County, Florida, became and now is a good and merchantable title for all purposes as fully and completely as though said unacknowledged agreement for deed had never existed," it

appears to be an adjudication of the rights of a party not before the court.

The record of the unacknowledged agreement between Curtiss-Bright Company and Edith L. Fountain at no time constituted constructive notice as to the existence of such a contract and the record was not a cloud on the title of Curtiss-Bright Company. Leatherman v. Schwab, *supra*. But when knowledge of the existence of such contract was by that, or other means, brought to the attention of, and actual knowledge thereof imparted to, the proposed vendee, such vendee was then on actual notice that Edith L. Fountain might claim certain rights under that contract and such vendee could not take title as an innocent purchaser without notice.

The expunging of the contract from the record leaves the record title unclouded because the record was never sufficient to cloud the title, but if Edith L. Fountain has rights under that agreement they remain the same as if no attempt had been made to procure the recording of the agreement. In other words, the record of the agreement never added to, nor took from, any rights which she acquired thereunder.

That part of the decree reading as follows: "and that upon the expungement thereof the title to the following described land, to-wit: Lot 11, Block 101, Country Club Estates, Section 2, a subdivision according to the plat thereof recorded in Plat Book 10, page 79, of the Public Records of Dade County, Florida, became and now is a good and merchantable title for all purposes as fully and completely as though said unacknowledged agreement for deed had never existed," should be reformed to read as follows: "and that upon the expungement thereof, the title to the following described land, to-wit, Lot 11, Block 101,

Country Club Estates, Section 2, a subdivision according to the plat thereof recorded in plat book 10, page 79, of the Public Records of Dade County, Florida, shall in nowise be affected by the record of said unacknowledged agreement for deed," and, when so reformed, the decree shall stand affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.