THE STATE OF FLORIDA, *ex rel.* M. S. McGREGOR AND LOUISE W. McGREGOR, v. I. WALTER HAWKINS, as Clerk of the Circuit Court, Volusia County.

186 So. 428.
Opinion Filed February 3, 1939.

M. S. McGregor, for Relators;
Neill S. Jackson, for Respondent.

PER CURIAM.—This is an original mandamus proceeding to compel the Clerk of the Circuit Court to allow the relators to redeem a tax sale certificate for less than its face value. The alternative writ of mandamus in brief alleges that the relators are the owners of certain property as therein described on which an application has been made for a tax deed based on Tax Sale Certificate No. 5762 of the sale of June 4, 1928; that the relators have offered to the respondent Clerk $83.00 for the redemption and cancellation of said certificate, but the clerk refuses to accept said amount for the redemption of said certificate, but instead, requests $598.75 for the redemption thereof, as the actual amount due on said certificate at the time of the application for a tax deed based on said certificate.

The relators to further support their contention that the respondent clerk should accept the lesser amount for the redemption of said certificate allege that one R. W. Moorhead on May 4th, 1936, instituted a suit to foreclose certain tax liens on said property; that R. W. Moorhead owned tax certificate No. 5762 at the time of the institution of the foreclosure suit, but did not include the same therein; that the final decree in said foreclosure suit adjudicated that $3,538.93 was due the plaintiff for his tax liens adjudicated therein, and that $408.29 was due the City of Daytona

Beach for its tax liens adjudicated therein; that at the fore-closure sale, the property was bid in by the plaintiff for $500.00 and this amount was distributed proportionately to the plaintiff and the City of Daytona Beach for their tax liens which were adjudicated in said suit. The relators further allege that if tax certificate No. 5762 had been included and adjudicated in said suit in the same proportion as the other tax liens adjudicated therein, that there would only be due $83.00 thereon and that since the same should have been included, the relators should receive the benefit thereof and be allowed to redeem said certificate for the same amount that it would have been reduced to if it had been included and adjudicated in said suit.

The tax certificate in question, originally issued to P. W. Brooks, is attached to the petition for alternative writ of mandamus as an exhibit. The following notations appeared on the certificate:

"STATE OF FLORIDA
"COUNTY OF VOLUSIA

"BROOKS TO MOORHEAD

"I hereby certify that I have this day assigned the within certificate of record in my office.

"This 24th day of April, 1936.

"I. WALTER HAWKINS
"Clerk Circuit Court."

"For value received I hereby sell, transfer and assign to E. K. Buchanan all my right, title and interest in and to the within tax sale certificate No. 5762 and the lien of the taxes for the year as covered thereby.

"In Witness whereof I have hereunto set my hand and seal this 24th day of April 1936.

"R. W. Moorhead (Seal.)"

"STATE OF FLORIDA
"COUNTY OF VOLUSIA

"Moorhead to Buchanan

"I hereby certify that I have this day assigned the within certificate of record in my office.

"This 4th day of Jan. 1937,

"I. WALTER HAWKINS
"Clerk Circuit Court."

"STATE OF FLORIDA
"COUNTY OF VOLUSIA

"Buchanan to Harvey

"I hereby certify that I have this day assigned the within certificate of record in my office.

"This 4th day of May 1937.

"I. WALTER HAWKINS
"Clerk Circuit Court."

The respondent Clerk filed a motion to quash the writ on the grounds, among other things, that the writ sought to compel the Clerk to adjudicate a controversy between the parties thereto and other parties which involved the amount to be paid for the redemption of a tax sale certificate which the respondent clerk had no right to adjudicate in his capacity as Clerk of the Court; and that there was no legal duty on the Clerk's part to adjudicate such a controversy and accept the amount offered by the relators for the redemption of the tax sale certificate; and further that the relators had no legal right to the relief as sought by the writ.

The first question to be determined is whether or not the record shows that Moorhead was the owner of the tax certificate at the time of the institution of the foreclosure proceeding or at the time he purchased the land at the foreclosure sale. On April 24, 1936, Moorhead, by endorse-

ment, assigned the certificate to Buchanan; on May 4, 1936, the foreclosure proceeding was instituted; on November 4, 1936, the land was sold to Moorhead by the Special Master; on January 4, 1937, the assignment from Moorhead to Buchanan was recorded; and on January 11, 1937, the relators acquired the land from Moorhead.

Section 982, Compiled General Laws of 1927, provides that tax sale certificates are transferable by endorsement. Therefore, the transaction on April 24, 1936, was sufficient to divest Moorhead of all title, right and interest in the tax sale certificate, and he is not shown to have been the owner at any time thereafter.

The only legal effect of the omission of tax sale certificate No. 5762 from the foreclosure suit was to make the foreclosure decree subject to the lien of such certificate. Security Land & Investment Co. v. Ranger Realty Co., 115 Fla. 243, 156 So. 23; City of Bradenton v. Lee, 120 Fla. 100, 162 So. 139.

It is clearly apparent from the certificate which is attached to the relators' petition as an exhibit, that a third party was the owner of this certificate at, and prior to, the time the mandamus proceedings were filed, and therefore such third party has a substantial interest in the controversy and would lose in the event that the mandamus was granted.

"Where it appears that substantial interests of third parties not before the court are involved, mandamus will not be awarded. See State, *ex rel.* v. Trustees I. I. Fund, 20 Fla. 402; State, *ex rel.* Sunday, v. Richards, 50 Fla. 284, 39 South. Rep. 152."

State v. Wolfe, 58 Fla. 523, 50 So. 511.

It, therefore, appears that the motion to quash the alternative writ should be granted, which is done without prejudice, however, to the right of relators to institute such

proceedings as they may be advised are proper. See State, *ex rel.* Tunnicliff v. Robinson, 117 Fla. 95, 157 Sou. 178.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in the opinion and judgment.

JUSTICES WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.