72 So.2d 34 (1954)
HOUSE OF LYONS, Inc. et al.
v.
MARCUS.
Supreme Court of Florida. Special Division A.
April 13, 1954.
*35 Richard W. Ervin, Atty. Gen., John C. Reed, Sp. Asst. Atty. Gen., and W.R. Culbreath, Asst. Atty. Gen., for appellants.
Gilbert A. Frank, Miami Beach, for appellee.
SEBRING, Justice.
Alexander J. Marcus, the owner and holder of a chattel mortgage executed by House of Lyons, Inc., a corporation, filed a suit to foreclose the mortgage, alleging in his complaint that the instrument had been duly recorded in the public records of Dade County, and that subsequent to the date of recordation the Comptroller of the State of Florida had filed a warrant for delinquent sales taxes against the mortgagor corporation, House of Lyons, Inc., and had caused the Sheriff of Dade County to levy upon the personal property covered by the mortgage.
By a motion to dismiss, the Comptroller raised the question of whether or not the chattel mortgage in question had been properly acknowledged so as to entitle it to recordation and thereby give it priority over the tax lien filed at a later date. The trial court denied the motion to dismiss and entered a final decree in favor of the plaintiff.
The only question on the appeal is whether the lien of the mortgage is superior to the tax lien by reason of its prior recordation.
Section 698.02, Florida Statutes 1951, F.S.A., provides in substance, that in order for a chattel mortgage to be entitled to record "its execution must be acknowledged or proved in the manner provided for mortgages of real property." The controlling statute in respect to the acknowledgment of mortgages of real property prescribes, so far as material to this case, that "the execution thereof must be acknowledged by the party executing the same * * *." Section 695.03, Florida Statutes 1951, F.S.A.
In the case at bar the chattel mortgage was executed on a blank-form for mortgage in the following form:
 "House of Lyons, Inc.
 "By: /s/ Carrie Lyons,
 President (L.S.)
 "/s/ Seymour M. Levin,
 Secretary (L.S.)"
And the material portion of the notary's certificate of acknowledgment recites "Personally appeared before me Carrie Lyons & Seymour Levin to me well known as the person described in and who executed the foregoing instrument and acknowledged that they executed the same for the purpose therein expressed * * *."
It is the settled rule that "A transcription of a mortgage upon the record, without proper proof of the execution of the instrument, is a mere nullity". McKeown v. Collins, 38 Fla. 276, 21 So. 103. See also Edwards v. Thom, 25 Fla. 222, 5 So. 707; Keech v. Enriquez, 28 Fla. 597, 10 So. 91; Lassiter v. Curtiss-Bright Co., 129 Fla. 728, 177 So. 201. Consequently, the only problem in the instant case is that of determining whether the acknowledgment by the corporate mortgagor can be considered "proper proof of the execution of the instrument," or whether it must be held to be fatally defective.
We find no case directly on point in this jurisdiction. The decisions on the subject in other jurisdictions have been predicated, in many instances, upon specific statutory provisions prescribing the form of certificate to be used, particularly as to corporate acknowledgments. Under such statutory provisions, the courts have made it clear that before an instrument will be entitled to record there must be a substantial compliance with the statutory requirements as to disclosure of official title, authority to act, and the like, in the certificate of acknowledgment. Annotation 29 A.L.R. at p. 989, and 25 A.L.R.2d p. 1154. However, by the rule in effect in Florida, the whole of the instrument acknowledged may be resorted to for support of the acknowledgment. As pointed out in Summer v. Mitchell, *36 29 Fla. 179, 10 So. 562, 14 L.R.A. 815, "It is the established policy of the law to uphold certificates of acknowledgment * * and, wherever substance is found, obvious clerical errors and all technical omissions will be disregarded. Inartificialness in their execution will not be permitted to defeat them, if looking at them as a whole, either alone or in connection with the [instrument], we find that they reasonably and fairly indicate a compliance with the law. Clerical errors will not be permitted to defeat acknowledgments when they, considered either alone or in connection with the instrument acknowledged, and viewed in the light of the statute controlling them, fairly show a substantial compliance with the statute." Rule approved in Cleland v. Long, 34 Fla. 353, 16 So. 272; Jackson v. Haisley, 35 Fla. 587, 17 So. 631; Platt v. Rowand, 54 Fla. 237, 45 So. 32; Investment Co. v. Trueman, 63 Fla. 184, 57 So. 663; Robinson v. Bruner, 94 Fla. 797, 114 So. 556; Peninsular Naval Stores Co. v. Mathers, 96 Fla. 620, 119 So. 333; Harris v. Zeuch, 103 Fla. 183, 137 So. 135.
Under this principle, it appears to us that the certificate on the mortgage involved in this case meets the simple requirement of section 695.03, Florida Statutes 1951, F.S.A., that the instrument be "acknowledged by the party executing the same"  in this case, House of Lyons, Inc. The notary who took the acknowledgment identified the named individuals as the persons "described in and who executed the foregoing instrument." In the instrument the named individuals are described as president and secretary, respectively, of the corporate mortgagor. In the acknowledgment the named individuals further acknowledged that they executed the instrument "for the purpose therein expressed," and the purpose expressed in the mortgage is that certain specifically described personal assets of the corporate mortgagor shall be bound as security for the payment of an acknowledged debt of the corporate mortgagor, the instrument being executed for the corporate mortgagor, House of Lyons, Inc., "By" the officers specified.
An Ohio court, in disposing of a case involving a very similar acknowledgment, had this to say: "It is claimed that such an acknowledgment is defective and fails to comply with the statute. It seems to us that the acknowledgment should be read and construed in conjunction with the contents of the entire instrument. The instrument discloses that it is the lease of the corporation signed by the officers of the corporation leasing property of the corporation to the defendant. How can it be said that these officers acknowledged the instrument in any other capacity than as officers of the corporation? No one would contend that these officers * * * could be personally held under this instrument. Under no circumstances could it be claimed that they or any one connected with the transaction intended any individual obligation. There is abundant and respectable authority to uphold the sufficiency of this acknowledgment in the authorities cited by counsel for plaintiff. 29 A.L.R., Annotated, p. 996 et seq." Anthony Carlin Co. v. Burrows Bros. Co., 54 Ohio App. 202, 6 N.E.2d 761, 763. Accord Tenney v. East Warren Lumber Co., 43 N.H. 343.
Similarly, in Muller v. Boone, 63 Tex. 91, it was held that an acknowledgment by an individual that he executed a deed "for the purposes * * * therein contained" was equivalent to an acknowledgment that the execution was the act of the corporation, where the deed purported on its face to be the act of the corporation. See also cases cited in 29 A.L.R. at p. 996 for the proposition that "by the weight of authority, a certificate will be upheld, even though it recites that the one who executed the instrument for the corporation acknowledged it to be `his' act and deed, instead of that of the corporation, where it is clear from a consideration of the certificate with the instrument that it was the intent to acknowledge for the corporation."
From the conclusions reached it follows that the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., TERRELL, J., and ROGERS, Associate Justice, concur.