QUESTION: Is an unacknowledged option-to-purchase contract signed by the parties on April 1, 1973, and accompanied by a sworn statement, executed and notarized on February 4, 1974, of the option-grantee and a subscribing witness that they witnessed the signature of the option-grantor entitled to be recorded in the public records of the county under s. 696.01, F.S.?
SUMMARY: An unacknowledged option-to-purchase contract signed by the parties on April 1, 1973, and accompanied by a sworn statement, executed and notarized on February 4, 1974, of the option-grantee and a subscribing witness that they witnessed the signature of the option-grantor is not entitled to be recorded in the public records of the county under s. 696.01, F.S. Your question is answered in the negative. Section 696.01, F.S., provides: No contract, agreement, or other instrument purporting to contain an agreement to purchase or sell real estate shall be recorded in the public records of any county in the state, unless such contract, agreement or other instrument is acknowledged by the vendor in the manner provided by law for the acknowledgment of deeds; and where there is no acknowledgment on the part of the vendor, the recording officers in the various counties of this state shall refuse to accept such instrument for record. (Emphasis supplied.) The affidavit or sworn statement accompanying or appended to the option-to-purchase contract does not purport to be an acknowledgment of the option-grantor or vendor in the manner provided by law for the acknowledgment of deeds; and, therefore, the option to purchase agreement or contract is not thereby made eligible for recordation in the public records of the county. It simply is an affidavit averring that the witness, presumably to the execution of the agreement by the option-grantee or vendee, witnessed the signature of the optiongrantor or vendor to the option-to-purchase contract. The deponents do not aver or swear that the vendor acknowledged the instrument for the purposes therein mentioned pursuant to s. 696.01, F.S. Where there is no acknowledgment on the part of the vendor as required by law, the recording officer must refuse to acknowledge the contract for recording. [I]t was the duty of the clerk to refuse to record the instrument, . . . because the same shows clearly on its face that it is not entitled to record; but, the clerk having unlawfully recorded the instrument, it became his duty to expunge or erase the same from the record. [Leatherman v. Schwab, 124 So. 459, 460
(Fla. 1929).] The terms of the option-to-purchase contract specifically provided that the instrument "shall not be recorded, but by mutual agreement is deposited with [the vendor]." "A vendor of lands under an executory contract of sale, in the absence of an agreement therefor, cannot be required to acknowledge for record the contract already made . . . so that same may be recorded. . . ." Burke v. Wallace, 124 So. 30, 31 (Fla. 1929). There is no evidence before me to indicate that the parties to the contract to purchase in question ever entered into any agreement calling for the vendor to subsequently acknowledge for record the option-to-purchase contract executed on April 1, 1973. As noted above, the affidavit executed on February 4, 1974, by the vendee of the contract to purchase and a witness to the signature to one or both of the parties thereto does not purport to be an acknowledgment of the vendor in the manner provided by law for the acknowledgment of deeds; and the affidavit appended to the instrument does not legally operate to supply the missing acknowledgment of such vendor on the agreement signed by him on April 1, 1973. The instrument in question not being entitled to record, upon the demand or request of the vendor, the recording officer is under a duty to expunge or erase the same from the public records. Leatherman v. Schwab, supra; Lassiter v. Curtiss-Bright Co., 177 So. 201 (Fla. 1937); AGO 045-343, Biennial Report of the Attorney General, 1945-1946, p. 714.