SCHWARTZ, Judge
(dissenting).
A con man named Peter R. Cournoyer improperly induced Theadores W. Ross, an infirm lady who was almost 90 years of age, to transfer him title to her home on Miami Beach. She received no monetary consideration for the conveyance which was accomplished through a quit-claim deed, subsequently recorded, which recited on its face that
THIS QUIT CLAIM DEED IS BEING GIVEN WITH THE CONSIDERATION BEING LOVE AND AFFECTION.[1]
Cournoyer then sold the property to Luis and Gladys Perez for $50,000, much of it supplied through a mortgage given by Chase Federal Savings & Loan Association.[2] This appeal by Ms. Ross challenges the lower court’s determination, rendered after non-jury trial, which denied her claim for rescission of the deed to Cournoyer on the ground that the Perezes and Chase had, as bona fide purchasers, obtained interests in the property superior to hers. I cannot agree to the majority’s decision to affirm.
This court recently and squarely held in Florida National Bank and Trust Co. at Miami v. Havris, 366 So.2d 491 (Fla. 3d DCA 1979) that a deed given to a non-relative in return only for “love and affection” is “without consideration and ... invalid.” 366 So.2d at 496. Since Cournoyer was admittedly not related by blood or marriage to Ms. Ross, this principle is plainly applicable to this case. It is just as apparent that the Perezes and Chase were on implied or constructive notice of the resulting invalidity of the deed. The face of the recorded instrument itself shows that the only consideration was “love and affection” and did not affirmatively indicate any relationship between the grantor and grantee, who have different names. I think that these recitals clearly, and at the least, put subsequent purchasers to the minimal duty of inquiry as to whether such a relationship in fact existed. Lassiter v. Curtiss-Bright Co., 129 Fla. 728, 177 So. 201 (1937); Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481 (1932); First Federal Savings and Loan Ass’n of Miami v. Fisher, 60 So.2d 496 (Fla.1952); Leffler v. Smith, 388 So.2d 261, 263 (Fla. 5th DCA 1980). See, Delesdernier v. O’Rourke & Warren Co., 305 F.2d 929 (5th Cir.1962). Since it is undisputed both that such an investigation would have revealed that it did not and that no such *780 investigation occurred,[3] the cited cases[4] require, in my view, that the judgment below be reversed.

. The fact that no value was given was reflected also by the minimum amount of documentary tax stamps attached to the deed.

. The Perezes did not have their own attorney, relying in effect on the mortgagee and its lawyers in closing the transaction.

. In the light of the.well-known fact that Florida real estate practitioners are, to put it euphemistically, meticulous to a fault, it is simply incomprehensible that the reviewing attorney did not demand a “non-relative” affidavit of Ms. Ross to correct the glaring discrepancy which appeared on the face of the deed. Of course, the majority decision is essentially that such precautions were unnecessary, and will therefore have the unfortunate effect of precluding their being taken in the future, lest purchasers actually discover the invalidity of a previous instrument.

. I find nothing in the decisions cited by the court which is contrary to this conclusion. Indeed, one of those cases, Zaucha v. Town of Medley, 66 So.2d 238 (Fla.1953), directly supports it.