In the Matter of August K. BARRIDO and Myrna B. Barrido, Debtor(s).

Bankruptcy No. 86–3447.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 12, 1987.

Richard C. Prosser, Trustee: Joseph R. Fritz, Tampa, Fla., for debtor.

Michael S. Polk, Roy W. Cohn, Gibbons, Smith, Cohn, & Arnatt, Tampa, Fla., for movant.

## ORDER ON RENEWED MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF TRUSTEE'S INTEREST

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 case is a Renewed Motion for Order Granting Relief From Automatic Stay and Abandonment of Trustee's Interest, filed by Gibralter Moneycenter, Inc., (Gibralter). Gibralter seeks relief from the automatic stay in order to foreclose a mortgage on certain non-exempt real property located in Tallahassee, Florida. The Trustee opposes the lifting of the stay on the basis that the mortgage was not properly acknowledged before a notary public and is therefore not enforceable pursuant to § 544 of the Bankruptcy Code. Gibralter asserts that the mortgage, recorded in the public records of Leon County, Florida, substantially complies with the applicable Florida statutes and the requirements for proper acknowledgment, and is enforceable in bankruptcy. The Court has considered the record, heard argument of counsel, and finds as follows:

On July 2, 1985, August K. Barrido and Myrna B. Barrido, the Debtors (Debtors), executed a mortgage in favor of Gibralter encumbering real property located in Leon County, Florida. This mortgage is recorded in O.R. Book 1168, Page 1143, Public Records of Leon County, Florida. The pre-printed signature page contains signature lines for the two mortgagors, the Debtors, and signature lines for two witnesses. Below the signature line is a printed notarial acknowledgment. The notary public affixed his notarial seal to the document and noted the expiration date of his commission, but did not sign on the line provided for the notary public on the printed form. Instead, the notary public signed his name in one of the spaces provided for witnesses.

Florida Statute § 695.03, which governs the acknowledgment and recordation of real property documents, provides in pertinent part as follows:

To entitle any instrument concerning real property to be recorded, the execution must be acknowledged by the party executing it, proved by a subscribing witness to it, or legalized or authenticated by a civil-law notary or notary public who affixes his official seal, before the officers and in the form and manner following:

> (1) Within the State—An acknowledgment or proof made within this State may be made before a judge, clerk, or deputy clerk of any court; a United States commissioner or magistrate; or a notary public, and the certificate of acknowledgment or proof must be under the seal of the court or officer, as the case may be. All affidavits and acknowledgments heretofore made or taken in this manner are hereby validated.

Florida Statute § 92.50, which governs oaths, affidavits, and acknowledgments, requires that an acknowledgment be "authenticated by the signature and official seal" of the person taking the acknowledgment. Florida Statute § 117.07 requires that notaries public add to their official signature a statement of the time of the expiration of their commission.

■ Thus, Fla.Stat. §§ 695.03, 92.50, and 117.07, when read *in para materia*, provide that if an instrument concerning real property has been signed before a notary public, and the notary public has affixed his official signature and official seal, and stated the time of the expiration of his commission, the document has been validly acknowledged and is entitled to be recorded in the public records.

Although Gibralter concedes that the notary public did not sign on the line reserved on the printed form for his signature, Gibralter urges that the document substantially complies with the requirements of Fla.Stat. §§ 695.03, 92.50, and 117.07, and the fact that the notary failed to sign on the specific line designated for his signature does not invalidate the acknowledment or the mortgage.

In *House of Lyons v. Marcus*, 72 So.2d 34 (Fla.1954), the Florida Supreme Court set forth a policy to uphold acknowledgments which substantially comply with statutory requirements. Citing *Summer v. Mitchell*, 29 Fla. 179, 10 So. 562 (Fla. 1892), the court stated that:

> [i]t is the established policy of the law to uphold certificates of acknowledgment ... and, wherever substance is found, obvious clerical errors and all technical ommissions will be disregarded. Inartificialness in their execution will not be permitted to defeat them, if looking at them as a whole, either alone or in connection with the [instrument], we find that they reasonably and fairly indicate a compliance with the law. Clerical errors will not be permitted to defeat acknowledgments when they, considered either alone or in connection with the instrument acknowledged, and viewed in the light of the statute controlling them, fairly show a substantial compliance with the statute.

■ In the present case, the notary public placed his raised notarial seal on the signature page, stated the expiration date of his commission, and signed the signature page, albeit, not on the line that was reserved for his signature. Based on the foregoing, this Court is satisfied that the notary public substantially complied with the statutory requirements for acknowledgment of instruments concerning real property, and the acknowledgment is therefore valid under Florida law.

The Trustee has conceded that if the acknowledgment and mortgage is upheld, there is no equity in the property, and the Motion to Lift Stay should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Renewed Motion for Order Granting Relief From Automatic Stay and Abandonment of Trustee's Interest, filed by Gibralter Moneycenter, be, and the same is hereby, granted, and Gibralter Moneycenter be, and the same is hereby, granted leave to enforce its rights against real property located at 2213 Timberwood

Court North, Tallahassee, Florida. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay be, and the same is hereby, lifted for the sole purpose of allowing Gibralter Moneycenter to obtain an in rem judgment against the property, and Gibralter Moneycenter shall not seek or obtain an in personam judgment against the Debtor.